SUPPLEMENTARY PROCEEDINGS FOR THE COLLECTION OF TAX OF JACOB CONKLIN.

*Examination of delinquent taxpayers — what facts must be stated in the affidavit — 1867, chap. 361, sec. 1, as amended by chap. 640 of 1881.*

Where an application is made, under section 1 of chapter 361 of 1867, as amended by chapter 640 of 1881, for an order requiring a resident of the county, against whom a tax exceeding in amount ten dollars has been returned by the collector uncollected, to appear and be examined concerning his property, the affidavit need only allege the facts stated in the said section; and need not allege facts sufficient to show that the assessors and board of supervisors had jurisdiction to impose the tax in question. (BOCKES, J., dissenting.) *

APPEAL from an order made by the county judge of Columbia county, vacating a former order made by him requiring the respondent Conklin to appear before a referee and be examined concerning his property.

*Andrews & Edwards,* for Chester Miller, county treasurer of Columbia county, appellant.

*Newkirk & Chace,* for the respondent.

LEARNED, P. J.:

Chapter 640, Laws of 1881, provides for these proceedings, and declares that the same proceedings shall be had as in proceedings supplementary to execution. The facts necessary to authorize the application are stated in section one. Those facts (applicable to the present case) are: A tax exceeding ten dollars in amount levied by the board of supervisors of a county; against a person a resident thereof; returned by the town collector uncollected, for want of

---

* See *Inman* v. *Coleman,* Fifth Department, June, 1885; opinion of BOCKES, J., 37 Hun.—[REP.

goods and chattels out of which to collect the same. All of these facts appear in the affidavit.

Now, the defendant insists that the affidavit should have alleged all the facts necessary to have given the assessors jurisdiction, and all the facts necessary to have given the supervisors jurisdiction. If these are to be alleged, then it would seem to follow that they might be denied. And the county judge on the supplementary proceedings might try the questions of the jurisdiction of the assessors and of the supervisors.

It is evident that the legislature had power to specify exactly on what affidavit this application should be made. And the defendant admits that if the statute had said " on an affidavit setting forth the preceding facts," then these proceedings would be regular. Now, that is the plain meaning of the statute. It says: when such and such things are done, the county treasurer may apply on affidavit. What affidavit, but one stating that these things have been done ? So in proceedings supplementary to execution (Code, §§ 2435, 2458) the facts to be stated in the affidavit are those on the existence of which the statute authorizes the proceeding.

This proceeding is properly called *supplementary ;* that · is, it is in aid of, or in addition to, the warrant issued to the officer and returned in order to discover property from which a tax may be collected. And when the legislature stated in section one the circumstances which authorized the application, they plainly intended that an affidavit which alleged these circumstances to exist, if uncontradicted, would make it the duty of the county judge to proceed. The recitals in the warrant were enough for the collector. The allegations in this affidavit were enough for the county judge.

The order is reversed, with ten dollars costs and printing disbursements, and motion to vacate denied, with ten dollars costs.

LANDON, J., concurred.

BOOKES, J.:

This proceeding was taken before the county judge of Columbia county, under chapter 361 of the Laws of 1867, as amended by chapter 640 of the Laws of 1881, to compel the payment of a tax alleged to have been assessed against the respondent by the supervisors of that county. The law referred to authorizes a proceeding

by certain officers therein specified, and among them a proceeding by the county treasurer, against a defaulting taxpayer, on return by the collector of taxes, of a tax exceeding ten dollars in amount uncollected; the proceeding to be had as in cases supplementary to execution.

In this case, on the application of the county treasurer, based on his own affidavit, an order was obtained from the county judge requiring Conklin to appear before a referee appointed to take his examination, to make answer concerning his property. Thereupon, he moved before that officer to vacate such order, on the ground of the insufficiency of the affidavit on which it was allowed, which motion was granted. The case is now before the court on appeal from the order granting such motion.

The facts stated in the affidavit are as follows: That the affiant was county treasurer; that in December, 1882, the board of supervisors levied a tax on the inhabitants of the county and issued their warrants for its collection to the several collectors of the county, and a tax list and warrant were issued to the collector of the town of Copake, in said county among others; that in and by said tax list and warrant a tax of $148.90 was levied against Conklin, then and ever since a resident of said county; and that such warrant was returned by the collector with the tax against him uncollected. The objection urged successfully before the county judge was, that the affidavit failed to show the laying or levying against the respondent of a valid tax; that it did not show jurisdiction in the board of supervisors to levy any tax against him. We think this objection well grounded. The board of supervisors is a body of limited jurisdiction, having no power to exercise the right of taxation, except in the cases and in the manner prescribed by the statute. The affidavit, therefore, should show that Conklin was a taxable inhabitant of the town where he was assessed; that is, that he was a resident or inhabitant of the town, having property in his possession or under his control liable there to taxation. The affidavit does not state even in general terms that he was a taxable inhabitant of the county, much less that he was a resident or inhabitant of the town of Copake, having in his possession or under his control property there liable to be taxed. It does state in effect that the Board of Supervisors levied a tax against him for $148.90; but it may have been wholly unauthorized

and invalid, and it is not shown, or even asserted in general terms, that it was rightfully imposed. We do not intend to be understood that the question whether he was rightfully assessed could be litigated on the application before the county judge; but to make a case against a defaulting taxpayer under the law in pursuance of which the proceeding was taken, it should be made to appear that he was liable to be assessed in the town to which the tax warrant was issued, and was assessed in such town. This was essential as a basis for the proceeding.

In this case jurisdiction was not shown by a statement of facts which would confer it; indeed jurisdiction was not asserted, even in general terms, as that Conklin was duly assessed by the board of supervisors in the town of Copake, where he was liable to assessment. Had this been so stated the case would have been quite different, and perhaps might then have been deemed sufficient as a basis for the proceeding in analogy to the form of affidavit in general use in proceedings supplementary to execution. We are of the opinion that the affidavit presented to the county judge was insufficient, and that the order based thereon was properly vacated.

The order appealed from must be affirmed; but no costs can be allowed, as the act under which the proceeding was taken (Laws of 1881, chap. 640, middle paragraph of section 1) expressly provides that no costs shall be allowed in favor of the person thereby sought to be examined.

Order reversed, with ten dollars costs and printing disbursements.